# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TII TRADING INC.**, a California corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>**GUANGDONG BESTEK E-COMMERCE CO., LTD**, a China limited company; and **BESTEK GLOBAL LLC,** a Delaware limited liability company,<br><br>          Defendants. | Case No. 2:17-CV-08590-RGK-AFMx<br><br>Hon. R. Gary Klausner<br><br><br><br>~~[PROPOSED]~~ PROTECTIVE ORDER |
| **GUANGDONG BESTEK E-COMMERCE CO., LTD**, a China limited company; and **BESTEK GLOBAL LLC,** a Delaware limited liability company,<br><br>          Counter-Plaintiff.<br><br>     v.<br><br>**TII TRADING INC.**, a California corporation,<br>          Counter-Defendant | |

In order to expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality of discovery materials, adequately protect information the parties are entitled to keep confidential, ensure that only

materials the parties are entitled to keep confidential are subject to such treatment, pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED THAT:

# I. INTRODUCTION

## A. Purposes and Limitations

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

## B. Good Cause Statement

This action is likely to involve trade secrets, pricing and sales data, and confidential technical information regarding products manufactured, sold, or imported by the parties, as well as other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than in this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to address their handling at the end of the litigation, and serve the ends of justice, there is good cause for entry of a protective order in this action. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and that there is good cause why it should not be part of the public record of this case.

### C. Acknowledgment of Procedure for Filing Under Seal

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006*), Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002*), Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not— without the submission of competent evidence by declaration, establishing that the material sought

to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or other filing, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. See *Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or other filing, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

## II.    CATEGORIES OF INFORMATION SUBJECT TO THIS ORDER

Discovery materials produced in this case may be labeled as one of two categories: CONFIDENTIAL, and CONFIDENTIAL-COUNSEL ONLY, as set forth below. Both of the identified categories of information shall be identified collectively in this Order by the title "Protected Information." Protected Information may be disclosed to persons not listed below as ordered by the Court or when permitted in writing by the Designating Party.  Each person to whom Protected Information may be disclosed, and who is required to sign the form attached hereto as Exhibit A, shall do so, prior to the time such Protected Information is disclosed to him or her.

### A.    Information Designated as Confidential Information

1. For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information or material produced for or disclosed in connection with this action to a receiving party that a producing party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order in connection with this action, considers to comprise confidential technical, sales, marketing, financial, research and development, personal information subject to privacy issues, or other commercially sensitive information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the producing party. Any CONFIDENTIAL INFORMATION obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of this litigation.

2. Any document or tangible thing containing or including any CONFIDENTIAL INFORMATION may be designated as such by the producing party by marking it "CONFIDENTIAL" prior to or within five (5) business days of the time copies are furnished to the receiving party.

3. All CONFIDENTIAL INFORMATION not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in Section I.A.2, shall be designated by the producing party by informing the receiving party of the designation in writing.

4. Any documents (including physical objects) made available for inspection by counsel for the receiving party prior to producing copies of selected items shall initially be considered, as a whole, to constitute CONFIDENTIAL INFORMATION (unless otherwise designated at the time of inspection) and shall be subject to this Order. Thereafter, the producing party shall have a reasonable time, not to exceed five (5) business days, to review and designate the appropriate documents as CONFIDENTIAL INFORMATION (or otherwise as appropriate) prior to furnishing copies to the receiving party.

5.      The following information is not CONFIDENTIAL INFORMATION:

a.      Any information that is or, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order or other obligation to maintain the confidentiality of such information;

b.      Any information that the receiving party can show was already publicly known prior to the disclosure; and

c.      Any information that the receiving party can show by written records was received by it from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party.

6.      Documents designated CONFIDENTIAL and information contained therein shall be available only to:

a.      Parties to the litigation, including their employees, officers, and directors to the extent needed for oversight and direction of the litigation;

b.      Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters;

c.      Technical advisers, subject to the provisions of Paragraphs III.A-III.G herein, and who have signed the form attached hereto as Attachment A; where the term "technical adviser" shall mean independent outside expert witnesses or consultants (i.e., not employees of a party) with whom counsel may deem it necessary to consult and who comply with the provisions of this Order and their necessary support personnel, as identified in Attachment A;

d.      The Court, its personnel and stenographic reporters;

e.      Independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits

for deposition, trial, or other court proceedings in the actions; non-technical jury or trial consulting services including mock jurors retained to assist them in their work;

      f.     Persons who appear on the face of Designated Material as an author, addressee or recipient thereof;

      g.     Professional vendors retained to provide litigation support services (*e.g.,* photocopying, printing, organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors who have been retained by Counsel of Record in this action, a representative of which has signed the form attached hereto as Exhibit A; and

      h.     Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, who have signed the form attached hereto as Attachment A, and his or her staff.

**B.     Information Designated Confidential-Outside Counsel Only**

      1.     The CONFIDENTIAL-COUNSEL ONLY designation is reserved for CONFIDENTIAL INFORMATION that constitutes (a) commercially sensitive marketing, financial, sales, web traffic, research and development, or technical, data or information; (b) commercially sensitive competitive information, including, without limitation, information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"); (c) commercially sensitive information or data relating to future products not yet commercially released and/or strategic plans; and, (d) commercial agreements, licensing agreements, settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party. Documents marked CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY, HIGHLY CONFIDENTIAL, or RESTRICTED CONFIDENTIAL shall be treated as if designated CONFIDENTIAL-COUNSEL ONLY. In determining whether information should be designated as CONFIDENTIAL-COUNSEL ONLY, each party agrees to use such designation only in good faith.

2.      Documents designated CONFIDENTIAL-COUNSEL ONLY and information contained therein shall be available to:

a.      Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters;

b.      Technical advisers, subject to the provisions of Paragraphs III.A-III.G herein, and who have signed the form attached hereto as Attachment A and their necessary support personnel; the term "technical adviser" shall mean independent outside expert witnesses or consultants (i.e., not employees of a party) with whom counsel may deem it necessary to consult and who comply with the provisions of this Order;

c.      The Court, its personnel and stenographic reporters;

d.      Independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; non-technical jury or trial consulting services including mock jurors retained to assist them in their work;

e.      Persons who appear on the face of Designated Material as an author, addressee or recipient thereof;

f.      Professional vendors retained to provide litigation support services (e.g., photocopying, printing, organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors who have been retained by Counsel of Record in this action, a representative of which has signed the form attached hereto as Exhibit A; and

g.      Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff, who have signed the form attached hereto as Attachment A.

**C.    Procedure for Designating Materials**

Designation in conformity with this Order requires

a.    For information in documentary form (apart from transcripts of depositions, or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL", or "CONFIDENTIAL – COUNSEL ONLY", on each page that contains Designated Material;

b.    For information produced in some form other than documentary, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or thing is stored the legend "CONFIDENTIAL", or "CONFIDENTIAL - COUNSEL ONLY"; or

c.    For information produced in the form of a NATIVE FORMAT file, the legend "CONFIDENTIAL", or "CONFIDENTIAL - COUNSEL ONLY" shall be included in the filename of the produced file, preferably pre-pended thereto.

**D.    Use of Protected Information at Trial or Other Court Proceeding**

This Order does not govern the use of Confidential Information at trial and use of Confidential Information at trial shall be governed by orders of the trial judge.

**E.    Use of Protected Information During Patent Prosecution**

From the date of entry of this Protective Order, until eighteen (18) months after a final, non-appealable judgment or order or the complete settlement of all claims asserted against all Parties in this litigation, any person subject to this Protective Order who reviews or learns of technical information of a party that is designated as Confidential-Counsel Only shall not participate, directly or indirectly, in the preparation or prosecution of the patent-in-suit or of any patent or patent application, whether new or currently pending, that is related to the patent-in-suit or to patents related by priority claim to the patent-in-suit. Nothing in this Protective Order shall prevent or preclude other attorneys or patent agents in the law firms representing the parties in this action who have not been exposed to or otherwise seen, reviewed, discussed or accessed any materials, testimony or information designated hereunder as Confidential information

from participating, directly or indirectly, in the activities described above. Moreover, nothing in this Protective Order shall prevent or preclude an attorney having access to such information from serving as billing or client attorney on matters involving the activities described above and being handled by other attorneys or patent agents in such attorney's firm, so long as such attorney does not otherwise participate substantively in the proscribed activities. Litigation counsel are not prohibited from participating in *inter partes* review, reexamination or other post-grant proceedings involving the patent-in-suit. Nothing in this section shall prevent any attorney from sending Prior Art (that is not Protected Information pursuant to this Protective Order, unless waived by the Producing Party) to personnel involved in patent prosecution for purposes of ensuring that such Prior Art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor. Nothing in this provision shall prohibit any attorney of record in this litigation from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this litigation with his/her client.

## III.    DISCLOSURE OF TECHNICAL ADVISERS

A.      Information designated by the producing party under any category of Protected Information and such copies of this information as are reasonably necessary for maintaining, defending or evaluating this litigation may be furnished and disclosed to the receiving party's technical advisers and their necessary support personnel as further provided herein.

B.      No disclosure of Protected Information to a technical adviser, or their necessary support personnel, shall occur until the technical advisor has signed the form attached hereto as Attachment A, and a signed copy has been provided to the producing party; and to the extent there has been an objection under Paragraph III.D, that objection is resolved according to the procedures set forth below. No disclosure of Protected Information to a technical advisor's necessary support personnel shall occur unless that

person was identified in conjunction with the signed copy of Attachment A executed by the technical advisor.

C.     A party desiring to disclose Protected Information to a technical adviser shall also give prior written notice of the intended disclosure by email to all counsel of record in the litigation, and the producing party shall have five (5) business days after such notice is given to object in writing to the disclosure. The party desiring to disclose Protected Information to a technical adviser must provide the following information for each technical adviser: name, address, resume or curriculum vitae, current employer, employment history for the past six years including a list of every entity for which the advisor has consulted or is currently consulting, and a listing of cases in which the advisor has testified as an expert at trial or by deposition within the preceding five years, and an identification of any patents or patent applications in which the technical adviser is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest. No Protected Information shall be disclosed to such expert(s) or consultant(s) until after the expiration of the foregoing notice period and resolution of any objection.

D.     A party objecting to disclosure of Protected Information to a technical adviser shall raise the dispute via the dispute resolution mechanism and joint stipulation process of Local Rule 37.1.

## IV.     CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

A.     The parties shall use reasonable care when designating documents or information as Protected Information. Nothing in this Order shall prevent a receiving party from contending that any documents or information designated as Protected Information have been improperly designated. A receiving party may at any time request that the producing party cancel or modify the Protected Information designation with respect to any document or information contained therein.

B.     Any disputes over confidentiality designation or other disputed issues under the protective order must be raised via the dispute resolution mechanism and joint stipulation process of Local Rule 37.1.

C.     Until a determination by the Court, the information in issue shall be treated as having been properly designated and subject to the terms of this Order.

# V.     LIMITATIONS ON THE USE OF PROTECTED INFORMATION

A.     All Protected Information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose or in connection with any other legal proceeding, and shall not be disclosed to any person who is not entitled to receive such information as herein provided. All produced Protected Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

B.     Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Information of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

1.     A present director, officer, and/or employee of a producing party may be examined and may testify concerning all Protected Information which has been produced by that party and of which the witness has personal knowledge;

2.     A former director, officer, agent and/or employee of a producing party may be interviewed, examined and may testify concerning all Protected Information of which he or she has personal knowledge, including any Protected Information that refers to matters of which the witness has personal knowledge, which has been produced by that party and which pertains to the period or periods of his or her employment; and

3.     Non-parties may be examined or testify concerning any document containing Protected Information of a producing party which appears on its face or from other documents or testimony to have been received from or communicated to the non-

party as a result of any contact or relationship with the producing party or a representative of the producing party. Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Information under this Order shall be excluded from the portion of the examination concerning such information, unless the producing party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney must provide a signed statement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Information disclosed during the course of the examination. In the event that such attorney declines to sign such a statement prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Information.

4.      All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as Protected Information, or which contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings in Local Rule 79-5.2.  In accordance with Local Rule 79-5.1, neither the fact that the parties have stipulated to an under seal filing nor that the proposed filing contains information designated by the parties as Protected Information is sufficient in itself for the Court to find good cause to file the papers or the portion containing the designated information under seal.  The parties will need to demonstrate in their application that protection clearly is warranted for the designated information or documents.  For declarations with exhibits, this means making the requisite showing on an exhibit-by-exhibit basis. The application shall be provided to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

5.      Outside attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed

with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved. No material or copies thereof so filed shall be released except by order of the Court, to outside counsel of record, or as otherwise provided for hereunder.

6.      Protected Information shall not be copied or otherwise produced by a receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further order of the Court. Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of CONFIDENTIAL and CONFIDENTIAL-COUNSEL ONLY information for use in connection with this litigation and such working copies, abstracts, digests and analyses shall be deemed Protected Information under the terms of this Order. Further, nothing herein shall restrict a qualified recipient from converting or translating CONFIDENTIAL and CONFIDENTIAL-COUNSEL ONLY information into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that Protected Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

7.      At the request of any party, the original and all copies of any deposition transcript, in whole or in part, shall be marked "CONFIDENTIAL" or "CONFIDENTIAL-COUNSEL ONLY" by the reporter. This request may be made orally during the deposition or in writing within five (5) days of receipt of the final certified transcript. Deposition transcripts shall be treated by default as CONFIDENTIAL-COUNSEL ONLY until the expiration of the time to make a confidentiality designation. Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

## VI. NON-PARTY USE OF THIS PROTECTIVE ORDER

A. A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Protective Order.

B. A nonparty's use of this Protective Order to protect its Protected Information does not entitle that nonparty access to the Protected Information produced by any party in this case.

## VII. NO WAIVER OF PRIVILEGE

Nothing in this Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity. If information subject to a claim of attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity. Any party that inadvertently produces materials protected by the attorney-client privilege, work product privilege, or other privilege, doctrine, right, or immunity may obtain the return of those materials by promptly notifying the recipient(s) and providing a privilege log for the inadvertently produced materials. The recipient(s) shall gather and return all copies of the privileged material to the producing party, except for any pages containing privileged markings by the recipient, which pages shall instead be destroyed and certified as such by the recipient to the producing party. Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems.

**VIII. MISCELLANEOUS PROVISIONS**

     A.     Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by outside counsel of record for the party against whom such waiver will be effective.

     B.     Inadvertent or unintentional production of documents or things containing Protected Information which are not designated as one or more of the categories of Protected Information at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment. With respect to such documents, the producing party shall immediately upon discovery notify the other parties of the error in writing and provide replacement pages bearing the appropriate confidentiality legend. In the event of any disclosure of Protected Information other than in a manner authorized by this Protective Order, including any unintentional or inadvertent disclosure, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including retrieving all copies of the Protected Information from the recipient(s) thereof and securing the agreement of the recipients not to further disseminate the Protected Information in any form. Compliance with the foregoing shall not prevent the producing party from seeking further relief from the Court.

     C.     Within sixty days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall, at the option of the producing party, either return or destroy all physical objects and documents which embody Protected Information it has received, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to any category of Protected Information. All Protected Information, not embodied in physical objects and documents shall remain subject to this Order. In the event that a party is dismissed before the entry of a final non-appealable judgment or order, this same procedure shall apply to any Protected

Information received from or produced to the dismissed party. Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems. Notwithstanding the foregoing, outside counsel shall be entitled to maintain copies of all correspondence, pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any CONFIDENTIAL and CONFIDENTIAL-COUNSEL ONLY information for archival purposes only. If a party opts to destroy CONFIDENTIAL or CONFIDENTIAL-COUNSEL ONLY information, the party must provide a Certificate of Destruction to the producing party.

D.     If at any time documents containing Protected Information are subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such documents and to its counsel and shall provide each such party with an opportunity to object to the production of such documents. If a producing party does not take steps to prevent disclosure of such documents within ten (10) days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such documents in response thereto, but shall take all reasonable measures to have such documents treated in accordance with terms of this Protective Order.

E.     This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires. Furthermore, without application to this Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of

this Order even if the conduct subject to the release would otherwise violate the terms herein.

      H.     The United States District Court for the Central District of California is responsible for the interpretation and enforcement of this Protective Order. After termination of this litigation, the provisions of this Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provisions of this Protective Order following termination of this litigation. All disputes concerning Protected Information produced under the protection of this Protective Order shall be resolved by the United States District Court for the Central District of California.

      I.     Nothing in this Protective Order shall preclude or impede outside litigation counsel of record's ability to communicate with or advise their client in connection with this litigation only based on such counsel's review and evaluation of Protected Information, provided however, that such communications or advice shall not disclose or reveal the substance or content of any Protected Information other than as permitted under this Protective Order.

      J.     Each of the parties agrees to be bound by the terms of this Protective Order as of the date counsel for such party executes this Protective Order, even if prior to entry of this Order by the Court.

<strong>SO ORDERED.</strong>

**DATE**:  7/30/2018

Alexander F. MacKinnon

United State Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TII TRADING INC.**, a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>**GUANGDONG BESTEK E-COMMERCE CO., LTD**, a China limited company; and **BESTEK GLOBAL LLC,** a Delaware limited liability company,<br><br>    Defendants.<br><br>**GUANGDONG BESTEK E-COMMERCE CO., LTD.,** a China limited company; and **BESTEK GLOBAL LLC,** a Delaware limited liability company,<br><br>    Counter-Plaintiff.<br><br>    v.<br><br>**TII TRADING INC.**, a California corporation,<br>    Counter-Defendant | Case No. 2:17-CV-08590-RGK-AFMx<br><br>Hon. R. Gary Klausner<br><br><br><br>**ATTACHMENT A TO THE PROTECTIVE ORDER** |

# ATTACHMENT A

1.      My name is _____

2.      I reside at _____

3.      My present employer is _____

4.      My present occupation or job description is _____

5.      I have read the Protective Order dated _____, 2018, and have been engaged as _____ on behalf of _____ in the preparation and conduct of litigation styled *TII Trading Inc. v. Guangdong Bestek E-Commerce Co., Ltd et al,* Civil Action No. 2:17-CV-08590-RGK-AFM, in the United States District Court for the Central District of California.

6.      I am fully familiar with and agree to comply with and be bound by the provisions of said Order. I understand that I am to retain all copies of any documents designated as CONFIDENTIAL, CONFIDENTIAL-COUNSEL ONLY, or any similar designation, in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any information designated CONFIDENTIAL, CONFIDENTIAL-COUNSEL ONLY, or any similar designation, are to be returned to counsel who provided me with such material.

7.      I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

8.      In accordance with Section II.C of the Protective Order (if applicable), I have attached my resume, curriculum vitae or other information to this executed Confidentiality Agreement sufficient to identify my current employer and employment history for the past six years, and the cases in which I have testified as an expert at trial

or by deposition within the preceding five years. I have further attached a list identifying all necessary support personnel and their general roles who will have access to any material designated as CONFIDENTIAL, CONFIDENTIAL-COUNSEL ONLY, or any similar designation.

9.      I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: _____

Executed on _____, 2018.